**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000396**
**29-MAY-2013**
**08:25 AM**

CAAP-11-0000396

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
STEVEN ALLEN SOTO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0236)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Steven Allen Soto (Soto) appeals from the Judgment of Conviction and Sentence (Judgment) filed on April 12, 2011, in the Circuit Court of the First Circuit (Circuit Court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Soto with third-degree promoting a dangerous drug, for knowingly possessing the dangerous drug methamphetamine, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp.

---

[1] The Honorable Edwin C. Nacino presided over Soto's trial, which is the proceeding relevant to this appeal. The Honorable Michael D. Wilson presided over Soto's sentencing.

2012).[2/]  A jury found Soto guilty as charged.  The Circuit Court sentenced Soto to a five-year term of imprisonment, subject to a mandatory minimum term of one year and eight months as a repeat offender, to run concurrently with any other sentence being served.

In his points of error, Soto contends that: (1) there was insufficient evidence to support his conviction because "[t]he required element of possession of the dangerous drug was not established"; and (2) "the jury instructions were not sufficient to provide guid[a]nce on this issue."  (Initial capitalization omitted.)  We affirm the Circuit Court's Judgment.

I.

We resolve the points of error raised by Soto as follows:

1.  Soto contends that there was insufficient evidence to show that Soto possessed the "plastic bag" which was found to contain methamphetamine.  We disagree.

Officer Mitchell Neth (Officer Neth) testified that he approached Soto and a female, who were sitting two or three feet apart on a concrete bench.  Soto threw something at Officer Neth, which hit him on the hand and face.  Officer Neth grabbed Soto's left hand and saw Soto drop a $10 bill and a green packet from that hand.  Officer Neth saw a crystal-like substance in the packet, which appeared to be crystal methamphetamine, and he arrested Soto.  Soto later said to Officer Neth, "Let's make a deal.  If you release me, I'm going to show you the mother load of the drugs and where I got it from.  If you release me, I will show you."  The contents of the green packet were later analyzed and found to contain methamphetamine.

---

[2/] HRS § 712-1243 provides in relevant part that "[a] person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount."

When viewed in the light most favorable to the State, there was sufficient evidence to show that Soto knowingly possessed the green packet recovered by Officer Neth and that Soto knowingly possessed methamphetamine. See State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). Although Officer Neth's testimony regarding his recovery of the packet containing methamphetamine differed from Soto's testimony, the jury was entitled to believe Officer Neth. See State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004) ("It is the province of the jury, not the appellate courts, to determine the credibility of witnesses and the weight of the evidence.").

2.    Soto contends that the jury instructions were insufficient. However, he does not identify with any particularity what portion of the jury instructions he is challenging. In his points of error, Soto simply states that "[t]he Court failed to provide jury instructions as to a specified method at all to determining who actually possessed the plastic bag in question or if the plastic bag was possessed by anyone at all. (see Attached Jury Instructions)[.]" Although Soto's brief refers to attached jury instructions, there are no jury instructions attached to his brief. In the argument section of Soto's brief, the argument he presents on his jury instruction claim states, in its entirety: "Furthermore, [Soto] contends that the Jury Instructions did not provide for conviction based upon an inference that he held the subject plastic bag."

Soto fails to present a discernable argument on his challenge to the jury instructions and accordingly this point of error is deemed waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (2010) ("Points not argued may be deemed waived."); State v. Moore, 82 Hawai'i 202, 206 n.1, 921 P.2d 122, 126 n.1 (1996) (stating that where the appellant "presents no discernable argument in support of his contention[,] . . . it is our prerogative to disregard this claim"). In any event, to the extent Soto is challenging the Circuit Court's instruction on

3

possession, we do not see any deficiency that is plain or manifest.

II.

We affirm the Circuit Court's Judgment.

DATED:  Honolulu, Hawai'i, May 29, 2013.

On the briefs:

Edward Smith
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4